# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

ENDO PHARMACEUTICALS INC. and     )
MALLINCKRODT LLC,     )
    )
       Plaintiffs,     )
    )
       v.     )       C.A. No. 1:14-cv-01382-RGA
    )
AMNEAL PHARMACEUTICALS, LLC and     )
AMNEAL PHARMACEUTICALS OF NEW     )
YORK, LLC,     )       **PUBLIC - REDACTED VERSION**
    )
       Defendants.     )

## MEMORANDUM OF LAW IN SUPPORT OF AMNEAL'S
## MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK

Mary B. Matterer (#2696)
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
mmatterer@morrisjames.com
rherrmann@morrisjames.com

H. Keeto Sabharwal
Paul A. Ainsworth
Uma N. Everett
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 800
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
keetos@skgf.com
painsworth@skgf.com
ueverett@skgf.com

*Attorneys for Defendants*
*Amneal Pharmaceuticals LLC and*
*Amneal Pharmaceuticals of New York, LLC*

Dated: January 21, 2015

# TABLE OF CONTENTS

I.    NATURE AND STAGE OF PROCEEDINGS ...................................................... 1

II.    SUMMARY OF THE ARGUMENT ................................................................... 2

III.   STATEMENT OF FACTS ................................................................................. 3

   A.   Endo Commenced Litigation Related to Opana ER in the Southern District of
New York Over Two Years Ago. ................................................................................ 3

   B.   Endo Recently Filed This Action in Delaware Involving the Same ANDA
and Similar Patents. .................................................................................................... 4

   C.   Litigation is Far Along in the Southern District of New York. ......................................... 6

   D.   Both Plaintiffs and Defendants Have Minimal Contacts With Delaware,
and No Operative Facts Arise in Delaware. ................................................................. 6

IV.   ARGUMENT .................................................................................................... 7

   A.   Legal Standards ............................................................................................................ 7

   B.   The Relevant *Jumara* Factors Heavily Favor Transfer ..................................................... 9

      1.   The Private Interests Strongly Favor Transfer ............................................... 10

         a)   Common Issues of Fact and Law in the New York Action Override Plaintiffs'
Choice of Forum. ........................................................................................ 10

         b)   The "Events That Gave Rise to a Suit" Occurred in New York, not Delaware. ...... 14

         c)   Relevant Witnesses Have Already Been Deposed and Discovery
Propounded in the Southern District of New York. ............................................. 15

         d)   Amneal Prefers to Litigate in the Southern District of New York. ........................ 16

      2.   The Public Interests Strongly Favor Transfer ............................................... 16

         a)   The New York Forum Has Invested Significant Time and Resources Gaining
Familiarity With the Technology and Disputed Issues. ........................................ 17

         b)   New York Has an Interest in Deciding Issues of a New York company. ................. 18

V.   CONCLUSION ................................................................................................ 18

# TABLE OF AUTHORITIES

## Cases

*Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp. 2d 192 (D. Del. 1998) .................................... 8, 11, 12

*Ballard Med. Prods. v. Concord Labs., Inc.*, 700 F.Supp. 796 (D. Del. 1988) ........................... 17

*Cashedge, Inc. v. Yodlee, Inc.*, 2006 WL 2038504 (D. Del. Jul. 12, 2006)............................. 9, 16

*Clopay Corp. v. Newell Companies, Inc.*, 527 F. Supp. 733 (D. Del. 1981) ............................... 16

*Corixa Corp. v. IDEC Pharms. Corp.,* Civil Action No. 01–615,
     2002 WL 265094 (D. Del. Feb. 25, 2002) .................................................................. 9

*Downing v. Globe Direct LLC*, Civil Action No. 09-693-JAP,
     2010 WL 2560054 (D. Del. June 18, 2010) ....................................................... 11, 13

*Dung v. Buehler*, Interference No. 105893, Paper No. 1 (May 17, 2012) ...................................... 5

*In re Hoffmann–La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009)................................................... 14

*Intellectual Ventures I, LLC v. Altera Corp.*, 842 F.Supp.2d 744 (D. Del. 2012)....................... 14

*Inter-City Prods. Corp. v. Ins. Co. of N.A.*, Civil Action No. 90-717 SLR
     1993 WL 18948 (D. Del. Jan. 26, 1993).................................................................... 16

*Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995) .................................................. passim

*In re Link-A-Media Devices Corp.*, 662 F.3d 1221 (Fed. Cir. 2011)............................................ 13

*Mallinckrodt Inc. v. E–Z–Em, Inc.*, 670 F.Supp.2d 349 (D. Del. 2009) ........................................ 9

*Medicis Pharmaceutical Corp. v. Nycomed U.S. Inc.* Civil Action No. 10-1099-SLR,
     2011 WL 2457598 (D. Del. June 16, 2011) ................................................... 3, 12, 16

*Mekiki Co. v. Facebook, Inc.*, Civil Action No. 09-745-JAP,
     2010 WL 2348740 (D. Del. June 7, 2010)........................................................... 13, 15

*Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463 (D. Del. 2013) ........................... 13

*MP Vista, Inc. v. Motiva Enters. LLC*, Civil Action No. 07-099-GMS,
     2008 WL 5411104 (D. Del. Dec. 29, 2008)................................................................ 9

*Nexans Inc. v. Belden Inc.,* 966 F. Supp. 2d 396 (D. Del. 2013)................................................... 9

*Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363 (D. Del. 2009).................. 17

*Pfizer Inc. v. Apotex, Inc.*, Civil Action No. 08-cv-00948,
2009 WL 2843288 (D. Del. Aug. 13, 2009) ............................................................ 14

*Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11–902,
2012 WL 4889438 (D. Del. Oct. 15, 2012) ............................................................ 11

*Praxair, Inc. v. ATMI, Inc.*, 2004 WL 883395 (D. Del. Apr. 20, 2004) .................................. 9, 16

*Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289 (3d Cir. 2001) ........................................ 8

*Selene Communication Technologies, LLC v. Trend Micro Incorporated et al.*,
Civil Action No. 1:14-cv-00435 (Jan. 16, 2015) ...................................................... 13

*SmithKline Corp. v. Sterling Drug, Inc.*, 406 F.Supp. 52 (D. Del. 1975) .................................... 17

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) .................................................................. 8

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F.Supp. 2d 321 (D. Del. 2009) ..... 8

*TSMC Tech., Inc. v. Zond, LLC*, Civil Action No. 14-721-LPS-CJB,
2014 WL 7251188 (D. Del. Dec. 19, 2014)............................................................... 9

*Wacoh Co. v. Kionix, Inc.*, 845 F.Supp.2d 597 (D. Del. 2012) .................................................. 14

*Yang v. Odom*, 409 F.Supp.2d.599 (D.N.J. 2006) ...................................................................... 18

## STATUTES

28 U.S.C. § 1391(b) ................................................................................................................. 2, 9

28 U.S.C. § 1404(a) ............................................................................................................. 2, 8, 17

## OTHER AUTHORITIES

15 Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3847 (2d ed. 1986).......... 8

## I.    NATURE AND STAGE OF PROCEEDINGS

The parties are currently involved in a multi-year patent infringement dispute in the

Southern District of New York ("New York Action") regarding the subject matter of this action:

plaintiff Endo Pharmaceuticals Inc.'s ("Endo") drug OPANA® ER and Amneal's ANDA 20-

4294.[1]  Now, in a transparent attempt to forum shop, waste scarce judicial resources, and delay

generic entry into the market, Endo has sued Amneal Pharmaceuticals LLC and Amneal

Pharmaceuticals of New York LLC (collectively "Amneal"), in this court for patent infringement

related to OPANA® ER, Amneal's ANDA 20-4294. The present action should be before the U.S.

District Court for the Southern District of New York, which has been adjudicating the OPANA®

ER dispute for nearly 2.5 years.



In the New York Action, to date, Judge Griesa has held five

status conferences, with a sixth scheduled for January 22, 2015.

Now in an attempt to avoid any rulings from the court in the Southern District of New

York and prolong the parties' dispute, Endo has sued Amneal in this Court on the same subject

matter as the New York Action.  Moreover, Endo's complaint fails to even *mention* the parties'

---

[1] *See Endo Pharmaceuticals Inc. et al v. Amneal Pharmaceuticals, LLC et al.*, Civil Action No.
1:12-cv-08115-TPG-GWG (S.D.N.Y.).

long-running, well-litigated dispute relating to OPANA® ER, despite the fact that both suits involve the same ANDA and patents having the same subject matter.  The omission of these critical facts, in addition to Endo's decision to file a second suit in a forum having minimal connection to this litigation (and none whatsoever to the actual dispute between the parties), is clear evidence of forum shopping. Accordingly, Amneal moves this court to transfer this case to the Southern District of New York where it may be consolidated with the New York Action.

## II.    SUMMARY OF THE ARGUMENT

Amneal moves to transfer this case to the Southern District of New York under 28 U.S.C. § 1404(a). The Court has broad discretion to transfer "[f]or the convenience of the parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). In ruling on § 1404(a) motions, courts consider, on a case-by-case basis, "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

Endo's choice of Delaware should be given no deference for the following reasons:

1.   The Southern District of New York has jurisdiction and is a proper venue for this matter. *See* 28 U.S.C. § 1391(b).

2.   Endo's choice of forum is overridden because Endo has already filed an action against Amneal in the Southern District of New York on the same ANDA, asserting that the New York forum has jurisdiction. Ex. 2, Compl. New York ¶ 8. These two actions involve the same parties (i.e., Endo and Amneal), the same Orange Book listed products (i.e., OPANA® ER), similar patents (e.g., common limitations), and the same accused ANDA (ANDA 20-4294) and associated activities. Considerable resources have been spent litigating the case in New York: █████████████

███████████████████████████████████████

████████████████████████████. As the Court found in *Medicis*

*Pharmaceutical Corp. v. Nycomed U.S. Inc.*, Civil Action No. 10-1099-SLR, 2011

WL 2457598 (D. Del. June 16, 2011): "[I]t is in the interest of judicial economy to

transfer the current lawsuit to the Southern District of New York so that both courts

may avoid redundant efforts and the possibility of inconsistent results." 2011 WL

2457598, at *3.

3. This dispute has no nexus with Delaware.  Although the parties are incorporated in

   Delaware, Endo, Mallinkrodt, and Amneal all have their principal place of business

   outside of Delaware.  In addition, plaintiffs do not allege that any of the operative

   facts in this dispute occurred in Delaware.

## III.   STATEMENT OF FACTS

### A.   Endo Commenced Litigation Related to Opana ER in the Southern District of New York Over Two Years Ago.

On November 7, 2012, Endo sued Amneal in the Southern District of New York,

asserting a series of patents that were then listed in FDA's Approved Drug Products with

Therapeutic Equivalence Evaluations ("Orange Book") for OPANA® ER. On November 14,

2012, Endo amended its Complaint to include additional patents that were subsequently issued

and listed in the Orange Book, and again on January 17, 2013, Endo filed its Second Amended

Complaint to include patents that issued and were listed after the Amended Complaint.  The

asserted patents included, among others, U.S. Patent Nos. 7,851,482 ("the '482 patent"),

8,329,216 ("the '216 patent") and 8,309,122 ("the '122 patent") (collectively, the "New York

patents").[2]  Amneal denied Endo's allegations of infringement but did not contest jurisdiction or venue in the Southern District of New York for purposes of that action only. Ex. 3 Answer New York Action ¶¶ 8, 11.

**B. Endo Recently Filed This Action in Delaware Involving the Same ANDA and Similar Patents.**

On November 7, 2014, Endo and Mallinkrodt filed the present action alleging that ANDA 20-4294, the subject of the suit in the Southern District of New York, infringes two patents that were later issued and listed in the Orange Book for OPANA® ER. Both of these patents share common claim limitations that are critical to questions of invalidity and non-infringement.  U.S. Patent No. 8,871,779 ("the '779 patent") to Buehler *et al.* asserted by Endo in this action shares identical claim language with the '482 patent, which was litigated in the New York Action.[3] The '482 (New York Action) and '779 patents cover essentially the same subject matter—oxymorphone having low levels of 14-hydroxymorphinone impurities.  (*See, e.g.,* Ex. 8, '482 patent at col. 31, lns. 60-67).  For example, claims 1-3 of the '482 patent read:

---

[2] In addition to Amneal, Endo sued Teva Pharmaceuticals USA, Inc., and Barr Laboratories, Inc. in Civil Action Nos. 12-cv-08060 and13-cv-03285; Impax Laboratories, Inc. and Thorx Laboratories, Inc. in Civil Action No. 12-cv-08317; Sandoz Inc. in Civil Action No. 12-cv-08318 and 13-cv-03287; Actavis Inc. and Actavis South Atlantic LLC Actavis in Civil Action No. 12-cv-08985; Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. in Civil Action No.  12-cv-09261; Roxane Laboratories, Inc. in Civil Action No. 13-cv-03288; and Ranbaxy Inc. and Ranbaxy Laboratories Ltd. in Civil Action Nos. 13-cv-04343, 13-cv-08597 on the'482 patent, '216 patent, and '122 patent.

[3] In addition to Amneal, Endo sued Roxane Laboratories, Inc., Watson Pharmaceuticals, Inc. and  Actavis South Atlantic LLC; Impax Laboratories, Inc. and ThoRx Laboratories, Inc.; Sandoz, Inc.; Barr Laboratories, Inc. and Teva Pharmaceuticals USA, Inc.; and Ranbaxy Laboratories Ltd, Ranbaxy Inc., and Ranbaxy Pharmaceuticals Inc., Par Pharmaceutical Companies, Inc. and Par Pharmaceutical, Inc. in Delaware on the same ANDA as in the New York Action.

| '779 Patent | '482 Patent |
|---|---|
| Claim 1: Oxymorphone hydrochloride having less than 10 ppm, as measured by HPLC, of 14-hydroxymorphinone. | Claim 1: A hydrochloride salt of oxymorphone comprising less than 0.001% [10 ppm] of 14-hydroxymorphinone. |
| Claim 2: Oxymorphone hydrochloride according to claim 1, wherein the content of 14-hydroxymorphinone is less than 5 ppm. | Claim 2: The hydrochloride salt of claim 1 comprising less than 0.0005% [5 ppm] of 14-hydroxymorphinone. |
| Claim 3: A pharmaceutical formulation comprising at least one pharmaceutically acceptable excipient and the oxymorphone hydrochloride according to claim 1. | Claim 3. A pharmaceutical acceptable form comprising the oxymorphone hydrochloride according to claim 1. |

The claims of these patents are so closely related that they were the subject of an interference before the U.S. Patent and Trademark Office ("PTO") for claiming the same invention. Ex. 6, *Dung v. Buehler*, Interference No. 105893, Paper No. 1 (May 17, 2012) (declaring interference).  The interference ended when Endo requested adverse judgment, resulting in the PTO holding claims 1-3 of the '482 patent unpatentable. Ex. 7, Paper No. 293 (Dec. 19, 2013). Last month, Endo stipulated in the New York Action that claim 4, the final asserted claims of the '482 patent, was also invalid and the court so ordered. Ex. 5, 1-2.

The other patent asserted in this action, U.S. Patent No. 8,808,737 ("the '737 patent") to Ahdieh, claims the use of controlled-release oxymorphone to treat pain and shares common limitations and even common parts of the specification, including figures, tables, studies, with the two controlled-release patents in the New York Action, the '216 and '122 patents.  Ex 9 ('216  patent); Ex. 10 ('122 patent).  Specifically, the Background sections, Figures 1-10, Tables 1-27, and the specification of the '737 patent from column 3 line 50 through column 10 line 14 and column 10 line 43 through column 27 line 56 is identical to passages in the specifications of

the two controlled release patents in the New York Action.  Accordingly, the present action

shares common questions of law and fact with the New York Action, particularly as those

questions relate to non-infringement and invalidity.

### C.  Litigation is Far Along in the Southern District of New York.

The New York Action is presently well underway.  Endo's infringement contentions

revolve around Amneal's submission of ANDA 20-4294.



In the New York Action, to date, Judge Griesa has held five status conferences, with a sixth

scheduled for January 22, 2015. Ex. 12, Decl. at 8.

### D.  Both Plaintiffs and Defendants Have Minimal Contacts With Delaware, and No Operative Facts Arise in Delaware.

While Endo and Mallinckrodt are incorporated in Delaware, none make Delaware their

headquarters or principal place of business. Endo's principal place of business is in Malvern,

Pennsylvania. Delaware Complaint, D.I. 1 ¶ 1. Mallinckrodt LLC's principal place of business is

in St. Louis, Missouri. *Id* ¶ 2. According to the patents asserted by Endo in this action, all the

inventors are located in Pennsylvania, Missouri, and California. None are located in Delaware.

Nor is Delaware the location of potential witnesses, such as inventors or fact witnesses, most of

whom have already been deposed in the New York Action.

Although the Amneal defendants are incorporated in Delaware, their principal places of business are outside Delaware.  Amneal Pharmaceuticals of New York, LLC ("Amneal Pharmaceuticals of New York") shares a principal place of business with Amneal Pharmaceuticals, LLC's ("Amneal Pharmaceuticals") administrative offices at 85 Adams Avenue, Hauppauge, New York 11788. Delaware Complaint D.I. 1 ¶ 5. Amneal Pharmaceuticals has a principal place of business at 440 U.S. Highway 22 East, Suite 104, Bridgewater, NJ 08897. Ex. 1, Delaware Complaint D.I. 1 ¶ 3.

In the New York Action, Endo alleged that Amneal both manufactures Amneal's ANDA products and conducts testing necessary to validate their quality in the State of New York. Compl. New York ¶ 13. Endo further alleged that Amneal Pharmaceuticals and Amneal New York each engage in the research, development, manufacture, testing, distribution and sale of a number of pharmaceutical products manufactured and sold under approved abbreviated new drug applications through its administrative offices, manufacturing facilities, and research and development facility in the State of New York. Ex. 2, Compl. New York ¶ 18-19.

Moreover, Endo has *not* alleged that any of the relevant work concerning Amneal's ANDA product or the preparation or filing of the ANDA occurred or was otherwise performed in Delaware. ███████████████████████████████████████████ ███████████████████████████████████ none of the actions giving rise to this dispute and none of the accused activities, e.g., research and development, occurred in Delaware. Accordingly, Delaware has no connection to the operative facts at issue in this litigation.

## IV.    ARGUMENT

### A.  Legal Standards.

This Court has broad discretion to transfer "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been

brought." 28 U.S.C. § 1404(a); *see also Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289,

297 n.5 (3d Cir. 2001) (citing *Jumara v. Statse Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995).

In practice, § 1404(a) is designed to "prevent: (1) 'forum shopping' by plaintiffs who seek to

avoid prior rulings or governing precedents in other jurisdictions, and (2) 'the waste of time,

energy, and money,' and (3) 'to protect litigants, witnesses and the public against unnecessary

inconvenience and expense.'" *MP Vista, Inc. v. Motiva Enters. LLC*, Civil Action No. 07-099-

GMS, 2008 WL 5411104, at *2 (D. Del. Dec. 29, 2008) (Sleet, C. J.).

In ruling on § 1404(a) motions, courts do not limit consideration to the three enumerated

statutory factors. Rather, courts consider, on a case-by-case basis, "all relevant factors to

determine whether on balance the litigation would more conveniently proceed and the interests

of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879 (citing 15

Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 3847 (2d ed. 1986)).

*Teleconference Sys. v. Proctor & Gamble Pharms., Inc.*, 676 F.Supp. 2d 321, 329 (D. Del. 2009)

(Schneider, Mag.); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988);

*Affymetrix, Inc. v. Synteni, Inc.*, 28 F.Supp. 2d 192, 208 (D. Del. 1998) (Sleet, J.). While there is

no definitive formula, this inquiry involves a "multi-factor balancing test" that embraces not only

the statutory criteria of convenience of the parties and the witnesses and the interests of justice,

but all relevant factors, including certain public and private interests. *Jumara*, 55 F.3d at 875.

The moving party is required to show that all relevant things considered, the case would be better

off transferred to another district. *MP Vista, Inc.*, 2008 WL 5411104, at *2.

With respect to the private interests, courts consider: (1) the plaintiff's choice of forum;

(2) the defendant's preferred forum; (3) where the claim arose; (4) the convenience of the

parties; (5) the convenience of the witnesses, but only to the extent that the witnesses may be

unavailable for trial in one of the fora; and (6) the location of books and records, but only to the extent that they may be unavailable in one of the fora. *Jumara*, 55 F.3d at 879. With respect to the public interests, courts consider: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easier, quicker, or less expensive; (3) court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the trial judge's familiarity with the applicable state law. *Id.* at 879-80.

In addition, "[a] motion to transfer may also be granted if there is a related case which has been first filed or otherwise is the more appropriate vehicle to litigate the issues between the parties." *Praxair, Inc. v. ATMI, Inc.*, 2004 WL 883395, at *1 (D. Del. Apr. 20, 2004) (Robinson, J.); *Mallinckrodt Inc. v. E–Z–Em, Inc.*, 670 F.Supp.2d 349, 357–58 (D. Del. 2009) (Farnan, J.) ("In an instance where related litigation in a transferee forum involves the same parties, similar technologies, and a common field of prior art, this Court has previously held that transfer is appropriate in the interests of justice.") (citing *Cashedge, Inc. v. Yodlee, Inc.*, 2006 WL 2038504, at *2 (D. Del. Jul. 12, 2006) (Farnan, J.)). Such considerations are consistent with applying the "first-filed" rule that advises that a later-filed action involving the same controversy should be dismissed, transferred, or otherwise enjoined in favor of the first-filed action. *See TSMC Tech., Inc. v. Zond, LLC*, Civil Action No. 14-721-LPS-CJB, 2014 WL 7251188, at *4 (D. Del. Dec. 19, 2014) (Burke, Mag.); *Nexans Inc. v. Belden Inc.,* 966 F. Supp. 2d 396, 403 (D. Del. 2013) (Robinson, J.). The rule serves to prevent a multiplicity of actions and seeks to achieve consistent resolution of all disputes arising from common matters. *Corixa Corp. v. IDEC Pharms. Corp.,* Civil Action No. 01–615, 2002 WL 265094, at * 1 (D. Del. Feb. 25, 2002) (Sleet, J.).

**B.  The Relevant *Jumara* Factors Heavily Favor Transfer.**

The Southern District of New York has jurisdiction and is a proper venue for this matter. *See* 28 U.S.C. § 1391(b).  Endo has already filed an action against Amneal in the Southern

District of New York, asserting that the forum has jurisdiction. Compl. New York ¶ 8. Judge Griesa has devoted considerable time meeting with parties, learning the technology, and resolving disputes. In addition, transfer and consolidation will serve the convenience of the parties and witnesses, as well as promote the interests of justice by promoting a consistent and uniform decision-making that can be reached in a timely manner.

All of the *Jumara* factors weigh heavily in favor of transfer. While it is true that the parties are incorporated in Delaware, this fact is heavily outweighed by the OPANA® ER case that is already proceeding in the Southern District of New York. Moreover, these two actions involve the same parties (i.e., Endo and Amneal), the same Orange Book listed products (i.e., OPANA® ER), similar patents (e.g., common limitations), and the same accused ANDA (ANDA 20-4294) and associated activities. The present action shares common questions of law and fact with the New York Action, which has been actively litigated for the last two years. Defendant Amneal prefers to litigate in the Southern District of New York, and Endo can show no benefit in terms of convenience for itself or its witnesses by litigating this case a second time in Delaware.

There is no compelling reason for this case to proceed independently in Delaware, which has no connection to the operative facts at issue in this litigation. With respect to the public interest, transfer to the Southern District of New York would avoid redundant efforts and the possibility of inconsistent results. It is in the interests of justice to transfer this action to the Southern District of New York.

### 1.   The Private Interests Strongly Favor Transfer

#### a)   Common Issues of Fact and Law in the New York Action Override Plaintiffs' Choice of Forum.

While "courts normally defer to a plaintiff's choice of forum," *Jumara*, 55 F.3d at 880, "[t]he rule deferentially viewing a plaintiff's choice of forum is premised on an assumption that a

home forum is inherently more convenient than a transferee forum." *Downing v. Globe Direct LLC*, Civil Action No. 09-693-JAP, 2010 WL 2560054, at *3 (D. Del. June 18, 2010) (Pisano, J.). Thus, "where a plaintiff's choice of forum is arbitrary, irrational, or selected to impede the efficient and convenient progress of a case, it should not be afforded substantial weight." *Pragmatus AV, LLC v. Yahoo! Inc.*, Civil Action No. 11–902, WL 4889438, at *4 n.5 (D. Del. Oct. 15, 2012) (Burke, Mag.); *Affymetrix*, 28 F.Supp.2d at 200 (noting that if a plaintiff had no good reason, or an improper reason, for filing suit in this District, this would likely weigh in favor of transfer).

In this case, multiple factors diminish the typical deference given to Endo's purported choice of forum. First, the case at bar shares common questions of law and fact with the actions proceeding in the Southern District of New York based on OPANA® ER, the same ANDA at issue in the present suit, and asserted Orange Book-listed patents in both actions that have overlapping subject matter. Significantly, the patents at issue in the case share significant common features with the patents at issue in the New York Action. Even if the New York Action were to resolve or be tried before this case could be transferred, given the common subject matter of the patents, the time Judge Griesa has spent understanding the technology and issues that are common across the patents in both actions, transferring the case would provide for judicial economy. Given common legal and factual issues, it is important that there are uniform and consistent decisions.

Having first chosen to litigate these issues in New York, Endo's decision to simultaneously pursue a related action against Amneal in another district calls into question any attempt it may make now to argue that it "prefers" this district. Endo first chose to litigate the exact same issues in the Southern District of New York. Endo's attempt to keep the same

dispute alive in Delaware detracts substantially from the deference typically owed to its decision

to file suit here and now. And beyond this, Amneal would face "a unique or unexpected burden"

by being forced to repeat the New York Action in another state. *See Affymetrix*, 28 F.Supp.2d at

202.

 Judge Robinson recently transferred venue in a similar situation to this one. In *Medicis*

*Pharmaceutical Corp. v. Nycomed U.S. Inc.*, Civil Action No. 10-1099-SLR (D. Del. June 16,

2011) (Robinson, J.), the dispute was based on defendant's ANDA. The case proceeded in the

Southern District of New York, and then plaintiff, a Delaware corporation, sued defendant in

Delaware on a later-listed Orange Book patent.  The Court decided that even though the plaintiff

was incorporated in Delaware, and its choice of forum was entitled to paramount consideration,

"the case at bar shares common questions of law and fact with the first actions, which are now

proceeding in the Southern District of New York." Civil Action No. 10–1099, 2011 WL

2457598, at *3 (D. Del. June 16, 2011) (Robinson, J.). In particular, the patent at issue was

related to a patent asserted in the first action, and "plaintiffs claim in this case is based on the

same ANDA." *Id.* The Court observed: "[I]t is in the interest of judicial economy to transfer the

current lawsuit to the Southern District of New York so that both courts may avoid redundant

efforts and the possibility of inconsistent results." *Id.*

 The present case is highly analogous to *Medicis* given its facts and should be handled in

the same manner.  The parties have an on-going litigation in the Southern District of New York

related to OPANA® ER, the Orange Book-listed patents, and Amneal's ANDA.  The asserted

patents in the New York and Delaware Actions cover the same subject matter, even though they

are not from the same patent-family.  As explained above, Endo now asserts the '779 patent

involving a composition of oxymorphone with low impurities.  In the New York Action, Endo

asserted the '482 patent, which recites the same claim language and was even the subject of an interference with the '779 patent.  Moreover, the other two New York patents involve controlled-release oxymorphone and a specification that shares common figures, tables, and columns.

Second, Endo and Mallincrodkt's choice of forum is further diminished because neither plaintiff has its principal place of business in Delaware. Although Endo is incorporated in Delaware, its principal place of business is in Malvern, Pennsylvania. Delaware Complaint Docket 1, ¶ 1. Meanwhile, Mallinckrodt LLC's principal place of business is in St. Louis, Missouri. *Id.* ¶ 2. While "the court has observed that a corporate entity's state of incorporation is part of its 'home turf,' it is not alone dispositive in the analysis. Though [plaintiff] has chosen to litigate in Delaware through [plaintiff's] Delaware's incorporation . . . the fact that Delaware is not home to [plaintiff's] principal place of business reduces somewhat the weight this factor is accorded." *Mitel Networks Corp. v. Facebook, Inc.*, 943 F. Supp. 2d 463, 469 (D. Del. 2013) (Sleet, C.J.) (citing *In re Link-A-Media Devices Corp.*, 662 F.3d 1221, 1223 (Fed. Cir. 2011)); *see also Selene Communication Technologies, LLC v. Trend Micro Incorporated et al.*, Civil Action No. 1:2014-cv-00435 (Jan. 16, 2015) (granting transfer of venue and observing that plaintiff's incorporation in Delaware was not dispositive).

Third, when the operative facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to even less deference. *See Mekiki Co. v. Facebook, Inc.*, Civil Action No. 09-745-JAP, 2010 WL 2348740, at *3 (D. Del. June 7, 2010) (Pisano, J.) ("[T]he Court affords less deference to Plaintiff's forum choice because the operative facts of this lawsuit occurred outside of Delaware."); *Downing*, 2010 WL 2560054, at *3 ("As Delaware is not connected to any of the acts giving rise to the dispute, Plaintiff's choice is entitled to less

deference."). Delaware has no connection to the operative facts at issue in this litigation.
Accordingly, Endo's choice of forum is entitled to even less deference.

### b)   The "Events That Gave Rise to a Suit" Occurred in New York, not Delaware.

"[I]f there are significant connections between a particular venue and the events that gave
rise to a suit, this factor should be weighed in that venue's favor." *In re Hoffmann–La Roche
Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009). Indeed, this Court has recognized that it matters that
"the claims arose where the allegedly infringing products were designed and manufactured."
*Wacoh Co. v. Kionix, Inc.*, 845 F.Supp.2d 597, 602 (D. Del. 2012) (Andrews, J.); *see also
Intellectual Ventures I, LLC v. Altera Corp.*, 842 F.Supp.2d 744, 755 (D. Del. 2012) (Stark, J.)
(concluding that while the allegedly infringing products were sold nationwide, at least some of
the research and development activities relating to those products occurred in the proposed
transferee district making the "location of operative events" factor weigh in favor of transfer).

Endo's allegations in the New York Action confirm its belief that Amneal both
manufactures the Amneal ANDA products and conducts testing necessary to validate their
quality in New York and that Amneal engages in the research, development, manufacture,
testing, distribution and sale of a number of pharmaceutical products manufactured and sold
under approved abbreviated new drug applications through its administrative offices,
manufacturing facilities, and research and development facility in New York. *See* Ex. 2, Compl.
New York ¶ 13-19. Notably, Endo does *not* allege that Amneal researched, developed, or
manufactured any relevant product, let alone the accused ANDA product, or performed any
relevant activity in the State of Delaware. *See Pfizer Inc. v. Apotex, Inc.*, Civil Action No. 08-cv-
00948, 2009 WL 2843288, at *3 n.5 (D. Del. Aug. 13, 2009) (Davis, J.) (finding particularly
"significant the location of the operative facts—the preparation and submission of the ANDA—
giving rise to the action" and transferring venue to the place where such preparation occurred).

**c) Relevant Witnesses Have Already Been Deposed and Discovery Propounded in the Southern District of New York.**

Endo can show no benefit in terms of convenience by litigating this case in Delaware.

Amneal has its primary principal places of business in New York and New Jersey. ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ All the named inventors are located in Pennsylvania,

Missouri, and California. *See supra* Part III.D.

Although the courts in Delaware have noted that in this electronic age there is no undue

burden given the proximity of New York and Delaware, the relevant witnesses and documents

have already been produced in New York. It would be a burden to both Amneal and the

witnesses to reproduce identical witnesses and documents on identical subject matter in

Delaware. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

To reproduce this amount of discovery in Delaware would not only be inconvenient and

redundant, but would foster the potential for inconsistent results. Thus, the convenience of the

parties and witnesses as well as the location of relevant evidence strongly favor transfer. *See*

*Mekiki Co.*, 2010 WL 2348740, at *4 (transferring venue where "[a]ll of Facebook's sources of

proof and known witnesses are . . . located in the [transferee forum]" and further observing that "there are no witnesses, documents or evidence located in Delaware").

### d)  Amneal Prefers to Litigate in the Southern District of New York.

Also relevant to the balance of factors is that Amneal prefers to litigate in the Southern District of New York. As noted above, Amneal has operations in New York and has spent the time and cost of litigating Endo's infringement allegations related to this ANDA for over two years, and should not bear the additional time and expense to re-litigate the issues in Delaware. Accordingly, this factor favors a transfer to the Southern District of New York for consolidation.

### 2.  The Public Interests Strongly Favor Transfer

Courts in this jurisdiction have observed that "[i]n most cases, if the convenience of the parties and witnesses is served by transfer, it usually follows that justice will also be served by transfer." I*nter-City Prods. Corp. v. Ins. Co. of N.A.*, Civil Action No. 90-717 SLR, 1993 WL 18948 (D. Del. Jan. 26, 1993), at *7 n.17 (internal citations omitted). Such is clearly the case here. Transfer is in the interest of justice because there is a first-filed action that makes the Southern District of New York a more appropriate venue to litigate the issues between the parties. *Praxair*, 2004 WL 883395, at *1; *Cashedge*, 2006 WL 2038504, at *2. There would be "significant advantages . . . to having these actions dealt with by one court." *Clopay Corp. v. Newell Companies, Inc.*, 527 F. Supp. 733, 737 (D. Del. 1981). As the Court found in *Medicis*: "[I]t is in the interest of judicial economy to transfer the current lawsuit to the Southern District of New York so that both courts may avoid redundant efforts and the possibility of inconsistent results." 2011 WL 2457598, at *3.

**a)  The New York Forum Has Invested Significant Time and Resources Gaining Familiarity With the Technology and Disputed Issues.**

Practical considerations that could make the trial easier, quicker, or less expensive weigh in favor of transfer. Endo has already filed an action against Amneal in the Southern District of New York alleging infringement based on the same ANDA and ANDA product, and asserting patents purporting to cover the same Orange Book listed drug, OPANA® ER. Judge Griesa has held five status conferences with a sixth scheduled for January 22, 2015. Ex. 12, Decl. at 8. Significant discovery has occurred in New York. ███████████████████

████████████████████████████████████████████████████████████

███████  Both parties have invested significant time and resources in the Southern District of New York litigating issues common to both actions. Moreover, the New York court has invested substantial time and resources gaining familiarity with the technology, as well as with Endo's infringement contentions vis-à-vis Amneal's ANDA and ANDA product. It follows that a transfer there will serve the interests of justice and avoid wasteful and duplicative litigation.

The "interests of justice" standard of § 1404(a) carries with it the policy of maintaining sound judicial administration. This action belongs in the Southern District of New York where a prior action addressing the same dispute is very far along. Not only would transfer to the Southern District of New York avoid redundant efforts and the possibility of inconsistent results, but it would clearly conserve judicial resources. *See, e.g., SmithKline Corp. v. Sterling Drug, Inc.*, 406 F.Supp. 52, 55 (D. Del. 1975) (Schwartz, J.) (noting the "strong policy favoring the litigation of related claims before the same tribunal" and granting motion to transfer); *see also Ballard Med. Prods. v. Concord Labs., Inc.*, 700 F.Supp. 796, 801 (D. Del. 1988) (Schwartz, J.).

### b)  New York Has an Interest in Deciding Issues of a New York company.

Finally, the public interest factor of "the local interest in deciding local issues" is often intertwined with the private interest factor of where the claim arose. *See e.g.*, *Nihon Tsushin Kabushiki Kaisha v. Davidson*, 595 F. Supp. 2d 363, 372 (D. Del. 2009) (Farnan, J.). Here, New York has substantial interests in this litigation. Moreover, as discussed above in Part IV.B.1.b, New York is the locus of the conduct alleged in Endo's complaint ████████████████████████ ████████████████████████████████████████████████. Therefore, this factor also weighs in favor of transfer. *See Yang v. Odom*, 409 F.Supp.2d 599, 609 (D.N.J. 2006) (finding that "the conduct at issue allegedly occurred in that district,  . . . the [transferee district] has a particular local interest in deciding this dispute.").  None of the operative facts occur in Delaware.  Accordingly, the local interest factor weighs heavily in favor of transfer.

## V.    CONCLUSION

In an effort to forum shop and delay resolution of this dispute, Endo filed suit in Delaware, a forum with no nexus to the dispute between the parties. This instant case involves OPANA® ER, Amneal's ANDA, and patents with the same subject matter as the parties' current litigation in the Southern District of New York. To ensure consistency and uniformity of resolution with these common factual and legal issues, this case should be transferred and consolidated with the New York Action. Such transfer and consolidation will avoid any redundant judicial efforts and result in efficiency for the parties.  For the foregoing reasons, Amneal respectfully requests that the Court grant Amneal's motion to transfer venue in this case to the Southern District of New York and consolidate with the existing NY OPANA® ER Action.

Dated: January 21, 2015

        */s/ Mary B. Matterer*

Mary B. Matterer (#2696)
Richard K. Herrmann (#405)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
mmatterer@morrisjames.com
rherrmann@morrisjames.com

H. Keeto Sabharwal
Paul A. Ainsworth
Uma N. Everett
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 800
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
keetos@skgf.com
painsworth@skgf.com
ueverett@skgf.com

*Attorneys for Defendants*
*Amneal Pharmaceuticals LLC and*
*Amneal Pharmaceuticals of New York, LLC*